IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ALLEN LOUIS DORSEY, SR.,

    Plaintiff,

v.                                                       CASE NO. 4:15-cv-324-WS-GRJ

JOHN A. TOMASINO, CLERK,

    Defendant.

_____/

## **REPORT AND RECOMMENDATION**

Plaintiff Allen Louis Dorsey, Sr., DOC inmate #566306, initiated this case by filing a complaint pursuant to 42 U.S.C. § 1983 and a motion for leave to proceed as a pauper. Docs. 1, 2. For the following reasons, the undersigned recommends that leave to proceed as a pauper be denied and this case dismissed as barred by the three-strikes provision of 28 U.S.C § 1915(g).

Plaintiff is subject to the three-strikes bar of 28 U.S.C. § 1915(g), which provides that a prisoner may not bring a civil action under 28 U.S.C. § 1915:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). A review of the Court's PACER case locator reflects the following cases that count as "strikes" pursuant to § 1915(g): *Dorsey v. Mard*, Case No. 5:13-cv-407-JES-PRL Doc. 5 (10/7/13) (dismissing case as frivolous pursuant to § 1915(e)(2)(B)(I), Doc. 13 (6/3/14) (Eleventh Circuit order dismissing appeal as frivolous); *Dorsey v. State*, Case No. 9:13-cv-80805-DMM Doc. 10 (12/20/13) (adopting R&R dismissing case for failure to state a claim pursuant to § 1915(e)(2)(B)(ii); *Dorsey*

*v. Morley,* Case No. 5:14-cv-283-WTH-PRL, Doc. 10 (4/27/15) (dismissing complaint for failure to state a claim pursuant to § 1915(e)(2)).  The Court has confirmed that the Plaintiff in these cases is the same Plaintiff as the instant case, having the same name and DOC inmate number.

Accordingly, Plaintiff is barred from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  The relevant inquiry is "whether [the] complaint, as a whole, alleges imminent danger of serious physical injury."  *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004).  General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g).  *See Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003).  The Plaintiff must make "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.,* and vague allegations of harm and unspecific references to injury are insufficient.  *White v. State of Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998).  A claim by a prisoner that he faced a past imminent danger is insufficient to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception.  *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (imminent danger exception is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.").

In this case, Plaintiff sues the Clerk of the Florida Supreme Court for alleged denial of access to court, based upon Plaintiff's claim that the Clerk erroneously transferred a habeas corpus case filed by Plaintiff.  Doc. 1.  The Complaint therefore

does not reflect that Plaintiff falls within the imminent danger exception to the three-strikes bar.

A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

In light of the foregoing, it is respectfully **RECOMMENDED** that leave to proceed as a pauper, Doc. 2, should be **DENIED** and that this case should be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g) three-strikes bar.

**IN CHAMBERS** this 1st day of July 2015.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**